IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Case No. 5:20-cv-00225-M

| | |
|---|---|
| BOR-TYNG SHEEN, FANG LUN TSAO, ) | |
| FUNG I. YUAN, TZU-KUAN LIN, ) | |
| CHEN-YU WEI, and WEN-WANG YANG, ) | |
| ) | |
| Plaintiffs, ) | **OPINION** |
| ) | **AND ORDER** |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

This matter comes before the court on the Government's motion to dismiss Plaintiffs' *pro se* complaint, filed October 26, 2020. [DE-24] For the reasons that follow, the Government's motion is GRANTED.

The complaint alleges that Plaintiffs are "de jure stateless Formosan persons who reside lawfully and habitually on FORMOSA[,]" a name for the island that in modern times is most commonly called Taiwan. [DE-1 at 1] Plaintiffs allege that they represent the majority of Taiwan's inhabitants who are "subjugated by Taiwan[,]" i.e., the Republic of China, which has occupied and administered Taiwan since at least 1949, when it was defeated by the People's Republic of China in the Chinese Civil War. [DE-1 at 3] Plaintiffs cite to various international agreements—most notably the Treaty of San Francisco, the Charter of the United Nations, and the Fourth Geneva Convention—as well as the Constitution of the United States, the Taiwan Relations Act of 1979, and various proclamations by American presidents, secretaries of state, and other officials as support for their primary contention that Formosa is an independent nation-state that is entitled to formal recognition by the Government. [*see generally* DE-1] Plaintiffs allege that since at

1

least the end of the Second World War, the Government has wrongfully failed to recognize Formosa and thereby caused them hardship, and bring three causes of action as purportedly providing avenues for this court to order the Government to recognize Formosa and reward Plaintiffs with damages: (1) breach of fiduciary duty; (2) "[b]reach of a sacred trust/trusteeship"; and (3) violation of the Fourth Geneva Convention.[1] [DE-1 at 18–21]

The Government has moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(1) ("Rule 12(b)(1)"), arguing that the complaint raises a nonjusticiable political question that the court is without jurisdiction to adjudicate. [*see generally* DE-25] The Government's motion has been fully briefed by the parties and is ripe for adjudication. [DE-25; DE-28]

On a Rule 12(b)(1) motion to dismiss for lack of subject-matter jurisdiction, the plaintiff bears the burden of establishing that jurisdiction lies. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999). In determining whether it has subject-matter jurisdiction, a district court adjudicating a Rule 12(b)(1) motion can look beyond the pleadings and consider extraneous evidence without converting the motion to a Federal Rule of Civil Procedure 56 motion for summary judgment. *Id.*

The Fourth Circuit has said:

> The political question doctrine is primarily a function of the separation of powers. It is not a matter of whether the dispute strictly falls within one of the categories over which the federal courts have subject matter jurisdiction. Rather, a question is "political" and thus nonjusticiable when its adjudication would inject the courts into a controversy which is best suited for resolution by the political branches. A case presents a nonjusticiable political question where there is
>
> > [1] a textually demonstrable constitutional commitment of the issue to a coordinate political department; or

---

[1] Plaintiffs also purport to bring a claim for an injunction, but as the Fourth Circuit has recognized, "[i]njunctive relief is a remedy, not a cause of action." *Blankenship v. Consolidation Coal Co.*, 850 F.3d 630, 640 (4th Cir. 2017).

2

> [2] a lack of judicially discoverable and manageable standards for resolving it; or
>
> [3] the impossibility of deciding without an initial policy determination of a kind clearly for nonjudicial discretion; or
>
> [4] the impossibility of a court's undertaking independent resolution without expressing lack of the respect due coordinate branches of government; or
>
> [5] an unusual need for unquestioning adherence to a political decision already made; or
>
> [6] the potentiality of embarrassment from multifarious pronouncements by various departments on one question.

*Wu Tien Li-Shou v. United States*, 777 F.3d 175, 179–80 (4th Cir. 2015) (internal quotation marks and citations omitted). "[T]he presence of any one of [these factors] may render an issue a nonjusticiable political question." *Smith v. Reagan*, 844 F.2d 195, 198 (4th Cir. 1988). Where adjudicating a claim would require the court to decide a political question, the court lacks subject-matter jurisdiction over the claim and must grant a Rule 12(b)(1) motion to dismiss it. *Wu Tien Li-Shou*, 777 F.3d at 186.

Litigants have asked federal courts to decide the question of who is the rightful sovereign of Formosa/Taiwan before, and the courts have made clear that the question is a nonjusticiable political one that must be left to the executive and legislative branches of the Government to answer. *See Lin v. United States*, 539 F. Supp. 2d 173, 181 (D.D.C. 2008) ("In the face of these years and years of diplomatic negotiations and delicate agreements, it would be foolhardy for a judge to believe that she had the jurisdiction to make a policy choice on the sovereignty of Taiwan. The foreign relations of the United States are conducted by the President of the United States and the Executive and Legislative Branches will decide whether and under what circumstances the United States will recognize a sovereign government over Taiwan."), *aff'd*, 561 F.3d 502 (D.C. Cir.), *cert. denied*, 558 U.S. 875 (2009). This is because "[t]he conduct of the foreign relations of our Government is committed by the Constitution to the Executive and

3

Legislative – 'the political' -- Departments of the Government, and the propriety of what may be done in the exercise of this political power is not subject to judicial inquiry or decision." *Oetjen v. Cent. Leather Co.*, 246 U.S. 297, 302 (1918) (citation omitted).

Therefore, because the court finds that Plaintiffs ask the court to decide a question where there is "a textually demonstrable constitutional commitment of the issue to a coordinate political department" within the meaning of *Wu Tien Li-Shou*, 777 F.3d at 180, the court concludes that it is without subject-matter jurisdiction to adjudicate this dispute. The Government's motion is accordingly GRANTED and the complaint is DISMISSED. All other pending motions on the docket are DISMISSED AS MOOT, and the Clerk of Court is DIRECTED to close the case.

SO ORDERED this the  15th  day of  April , 2021.

RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE

4